**MICHAEL WILLIAMS,**                    :

    **Petitioner**                    :

**v.**                    :    **CIVIL ACTION NO. 08-00239-CG-B**

**GARY HETZEL,**                    :

    **Respondent.**                    :

## REPORT AND RECOMMENDATION

Michael Williams, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his 2007 convictions by a jury in the Circuit Court of Mobile County, Alabama for attempted murder, unlawful possession of a controlled substance (cocaine), and second degree possession of marijuana. (Doc. 1; Doc. 9 at 2, Ex. 1).

This matter is before the undersigned Magistrate Judge on Petitioner's petition, Respondent's answer and amended answer, briefs, responses, and exhibits filed by the parties, the state court records, various appellate briefs filed by the parties, and opinions and orders of the state appellate courts. Following a careful review of the petition and record, the undersigned finds that an evidentiary hearing is not warranted

on the issues.[1] <u>See</u> 28 U.S.C. § 2254(e)(2).

<u>FINDINGS OF FACT</u>

The Alabama Court of Criminal Appeals found the facts of

---

[1]Because Petitioner filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." <u>Kelley v. Secretary for Dep't of Corrs.</u>, 377 F.3d 1317, 1337 (11th Cir. 2004). The legal standard for determining when an evidentiary hearing in a habeas corpus case is allowed is articulated in 28 U.S.C. § 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on–
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has failed to establish that an evidentiary hearing is warranted in this case.

2

this case to be as follows:[2]

> The appellant, Michael Williams was convicted of one count of attempted murder, in violation of §§ 13A-4-2 and 13A-6-2, Ala. Code 1975; one count of unlawful possession of a controlled substance (cocaine), in violation of § 13A-12-212, Ala. Code 1975; and one count of second-degree possession of marijuana, in violation of § 13A-12-14, Ala. Code 1975. He was sentenced as a habitual felony offender to concurrent terms of life imprisonment for the attempted murder and cocaine-possession convictions, and to one year's confinement for the second-degree possession of marijuana conviction, which was also ordered to run concurrently with the life sentences. Additionally, Williams was ordered to pay $50 to the crime victim's compensation fund. Finally, in conjunction with his conviction for unlawful possession of a controlled substance, [Williams] was ordered to pay a drug demand assessment of $1000, and $100 to the forensic sciences trust fund. This appeal followed.

(Doc. 9, Ex. 2 at 1-2). In addition to the foregoing statement of facts, the record reflects that during the early morning hours of December 15, 2005, Williams fired upon Mobile County Sheriff's deputies as they attempted to execute a search warrant at a house occupied by Williams and his girlfriend.(Doc. 11, Ex. 5, Trial Transcript). Williams claimed that he fired in self-

---

[2]AEDPA directs that a presumption of correctness be afforded factual findings of state courts, "which may be rebutted only by clear and convincing evidence." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Id.

3

defense because he thought that robbers were breaking into the residence. (Id.)

Williams was indicted by the Mobile County Grand Jury on March 31, 2006, and charged with attempted murder, possession of cocaine, and possession of marijuana. See (Docs. 9, Ex. 1; 11, Ex. 7). On August 18, 2006, Williams entered a plea of not guilty to the charges. (Docs. 1 at 3; 9, Ex. 1; 11, Ex. 5 at 4). Following a jury trial in the Circuit Court of Mobile County, Alabama, Williams was convicted on January 10, 2007, of one count of attempted murder, in violation of §§ 13A-4-2 and 13A-6-2, Ala. Code 1975, one count of unlawful possession of a controlled substance (cocaine), in violation of § 13A-12-212, Ala. Code 1975, and one count of second degree possession of marijuana, in violation of § 13A-12-14, Ala. Code 1975. Williams was represented by attorney Yazdi Habib. (Docs. 1 at 13; 9, Ex. 1).

Attorney Glenn L. Davidson was appointed to represent Williams during the direct appeal of his convictions and sentences. Attorney Davidson filed a motion to withdraw and a brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Davidson asserted that his review of the record established no

_____

(citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

meritorious issues that could be raised on appeal from Williams'
convictions. (Doc. 11, Ex. 7). With permission of the appellate
court, Williams filed his *pro se* statement of issues on appeal.
He asserted that "he was denied complete and effective
assistance of counsel at preliminary, trial preparation stage,
trial, and the sentencing and appeal[3] of his criminal case."
(Doc. 11, Exs. 8-12). Williams raised four specific instances
of ineffective assistance of trial counsel: 1) Trial counsel was
ineffective for telling the jury that Williams was guilty of
having drugs in his house; 2) Trial counsel was ineffective for
failing to call witnesses for Williams' defense to show that
Williams thought he was being invaded by intruders and that he
was acting in self-defense; 3) Trial counsel was ineffective for
failing to object to the trial court's alleged failure to
properly instruct the jury on all of the elements of the charge
of unlawful possession of cocaine; and 4) Trial counsel was
ineffective for failing to file a motion to suppress the
evidence from the outside garbage can and for stipulating to
allow the admission of all the State's evidence into the record.
(Id. at Ex. 12).[4] On December 7, 2007, the Alabama Court of

---

[3]Williams, however, does not actually allege that his
appellate counsel rendered ineffective assistance.

[4]Williams styled his motion as "Notice of Compliance to
Order Dated August 20, 2007, to Present Pro Se Issues/ and

Criminal Appeals affirmed Williams' convictions by unpublished memorandum opinion and found that his claims were not preserved for appellate review because Williams failed to assert his claims in a motion for new trial[5]. Further, the court determined that Williams' ineffective assistance of trial counsel claims were without merit. Williams' application for rehearing before the Alabama Court of Criminal Appeals was subsequently overruled, without opinion. (Docs. 1; 9, Ex. 2; 11, Exs. 13, 15). On April 11, 2008, the Alabama Supreme Court denied Williams' petition for writ of certiorari and entered a certificate of judgment. (Doc. 9, Ex. 3; Doc. 11, Ex. 20). On that same day, the Alabama Court of Criminal Appeals entered its certificate of judgment. (Doc. 9, Ex. 4; Doc. 11, Ex. 21). The

---

Motion Requesting Permission to File a Motion for New Trial." In this document, Williams acknowledges that no Motion for New Trial was filed. (Doc. 11, Ex. 12 at 2).

[5] See Ex parte Ingram, 675 So.2d 863, 865-866 (Ala. 1996) ("[I]n any cases in which the defendant is convicted after the date this opinion is released, an ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala.R.Crim.P., expires, in order for that claim to be properly preserved for review upon direct appeal. When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala.R.Crim.P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala.R.Crim.P., petition for postconviction relief."); cf. Boyd v. State, 913 So.2d 1113 (Ala.Crim.App. 2003)

record does not reflect, and Williams does not contend that he filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.

On May 6, 2008, Williams filed the instant petition seeking habeas corpus relief. In his petition, Williams raises four claims of ineffective assistance of trial counsel.(Doc. 1). In his Answer and Amended Answer, Respondent acknowledges that Williams' petition was timely filed and asserts that the state courts properly denied relief on all four claims on the merits. (Docs. 9, 11).

## DISCUSSION

As a preliminary matter, the undersigned observes that the Alabama Court of Criminal Appeal characterized Williams' ineffective assistance of counsel claims as procedurally defaulted, and then proceeded to find that the claims were without merit.[6] Where, as here, a state court opinion finds

_____

[6]The appellate court opined:

[O]ur examination of the record indicates that Williams's claim of ineffective assistance of counsel is being raised for the first time on appeal. As this Court stated in <u>Willingham v. State</u>, 796 So.2d 440, 445 (Ala. Crim. App. 2001):

"'"[A]n ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b),

default and decides a claim on the merits without clearly and expressly identifying the merits holding as an alternative holding, there is no default. Heath v. Jones, 941 F.2d 1126, 1137 (11th Cir. 1991) *cert denied* 502 U.S. 1077, 112 S. Ct. 981, 117 L. Ed. 2d 144 (1992). "If the state opinion is ambiguous about which two grounds [procedural or substantive] it relied upon, the federal courts must presume that the state reached the merits. Id. (citing Harris v. Reed, 489 U.S. 255, 104 S. Ct.

---

Ala.R.Crim.P., expires, in order for that claim to be properly preserved for review upon direct appeal."' [Montgomery v. State, 781 So.2d 1007,] at 1010 [Ala.Crim.App. 2000)] (quoting Ex parte Ingram, 675 So.2d 863, 865 (Ala. 1996))."


Because Williams did not present this claim to the trial court in a motion for new trial, nothing is preserved for this Court's review.


We have also reviewed the record in this case and have found no error harmful to Williams's rights. We note that none of Williams's various claims of ineffective assistance of counsel meet the two-pronged test established by Strickland v. Washington, 466 U.S. 668 (1984). We further note that the State's evidence was more than sufficient to sustain Williams's convictions for attempted murder, possession of cocaine, and second-degree possession of marijuana. Accordingly, the judgment of the circuit court is affirmed.


AFFIRMED.

(Doc. 9, Ex. 2).

1038, 103 L. Ed. 2d 308 (1989). In this case, this court cannot conclude, based on the decision of the Alabama Court of Criminal Appeals, that the state appellate court "clearly and expressly" indicated that the merits holding was an "alternative holding," therefore, this Court must presume that the state reached the merits. Heath, 941 F.2d at 1137. Because the state court reached the merits, this Court conducts a de novo review. Based upon said review, the Court finds that Williams' claims are without merit.

28 U.S.C. § 2254(d) provides that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. In Williams v. Taylor, 529 U.S. 362, 412 (2000), Justice O'Connor, writing for a majority of the Court, recognized that

"§ 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court."

> A state-court decision is contrary to the Supreme Court's clearly established precedent (1) if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or (2) if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. <u>See Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495, 1519-20, 146 L. Ed. 2d 389 (2000).

> A state court decision involves an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." <u>Williams</u>, 120 S. Ct. at 1520. In addition, a state court decision involves an unreasonable application of Supreme Court precedent "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." <u>Id.</u>

<u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000). Moreover, as discussed above, the Act, as amended, presumes as correct all determinations of factual issues made by a state court and places the burden upon the Petitioner of rebutting such a

presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e).

To prevail on any of his claims of ineffective assistance of counsel, Williams bears the additional burden of establishing by a preponderance of the evidence that his trial counsel's performance was deficient and that he was actually prejudiced by the inadequate performance. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The elements to be considered are as follows:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

<u>Id.</u>, 466 U.S. at 687. Thus, Williams must demonstrate that his counsel's performance "fell below an objective standard of reasonableness," <u>Strickland</u>, 466 U.S. at 688, **and** that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are

few and far between.'" Van Poyck v. Florida Dep't of Corr., 290
F.3d 1318, 1322 (11th Cir. 2002) (quoting Waters v. Thomas, 46
F.3d 1506, 1511 (11th Cir. 1995)).

An ineffective assistance of counsel claim is examined
under the "totality of the circumstances." House v. Balkcom,
725 F.2d 608, 615 (11th Cir. 1984). An attorney's performance is
presumed to have been reasonable and must not be examined with
the aid of judicial hindsight. Messer v. Kemp, 760 F.2d 1080,
1088 (11th Cir. 1985). A federal court must apply a "heavy
measure of deference to counsel's judgments." Singleton v.
Thigpen, 847 F.2d 668, 670 (11th Cir. 1988) (quoting Strickland,
446 U.S. at 691).

> The test has nothing to do with what the
> best lawyers would have done. Nor is the
> test even what most good lawyers would have
> done. We ask only whether some reasonable
> lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at
> trial. . . . We are not interested in
> grading lawyers' performances; we are
> interested in whether the adversarial
> process at trial, in fact, worked
> adequately.

Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001)
(quoting White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir.
1992)). The Court will consider each of Petitioner's
ineffective assistance of counsel claims in turn.

Williams' first habeas allegation is that his trial

counsel, Yazdi Habib, was ineffective for allegedly telling the jury, during opening statements, that Williams was guilty of having drugs in his house. The record reflects that during opening statements, Williams counsel stated as follows: "Now, after midnight – way after midnight, my client will testify that he was watching TV, all of a sudden he noticed hoist is pulling the whole entrance door out.  He doesn't hear everything except this sound, and he hears noises. Being him, having drug[s] at home and not in a very nice neighborhood, it is very, very possible that somebody is going to come in, rob him, and kill him." (Doc. 11, Ex. 5, p. 153 (R. 69)).  Williams argues that in making these statements, his counsel effectively pled him guilty to possession of cocaine, and he did not wish to consent to such. Williams further contends that his counsel's statement acknowledging that Petitioner had drugs in his home was both deficient performance and prejudicial because the admission constituted an involuntary guilty plea and deprived Williams of the right to a fair trial. (Doc. 1).  The Court disagrees. First of all, Williams' trial counsel did not identify the drug that was found in his house.  Moreover, during Williams' testimony, he acknowledged that he smokes marijuana and that any marijuana found at the house probably belonged to him.  The record reflects that Williams took the witness stand and testified in

his own defense. During his testimony, the following colloquy occurred between Williams and his trial counsel:

> Q: Do you have knowledge if they found in drug in your house of residue of drug?
> A. No.
> Q: Which one do you think you had at your house?
> A:     Well, they might have found those doobies. I – I – I do smoke marijuana, but I've been clean of cocaine since I've been to prison in '94.
> Q: So you don't smoke cocaine or you do?
> A: No.
> Q: Whose was residue of the cocaine?
> A: Well, I didn't know any was there.
> Q: So you don't even know about it?
> A: No.
> Q: Whose was that little bit of marijuana in your house?
> A: That was probably mine.
> Q: That was yours?
> A: Probably so.
>
> ...
>
> Q: You admit to this jury you had – the marijuana was yours; right?
> A: Yes.
> Q: But cocaine wasn't yours?
> A: That's it. Didn't have any marijuana, it was just doobies from – left over in the ashtray.

(Doc. 11, Ex. 5, pp. 269-71 (R. 184-86)).

It is obvious from this exchange that Williams admitted that he smoked marijuana and that marijuana remnants were discovered in an ash tray. Williams' testimony corroborated his counsel's statement that he had drugs in his home and clarified that Williams was not responsible for any cocaine found on the

premises. Plainly, Williams' trial counsel did not enter a guilty plea on his behalf. Rather, based on all the evidence, including Williams' testimony, the jury obviously chose to disbelieve Williams' testimony regarding the cocaine and found him guilty of possession of both cocaine and marijuana. Assuming *arguendo* that counsel's statement was improper, Williams cannot show that he was actually prejudiced as a result given his trial testimony, as well as the testimony of the law enforcement officers, who testified that marijuana cigarette butts were found on the nightstand in the bedroom in which Williams was located, cocaine residue was found on plastic wrappings located in the garbage can on the front lawn, and that marijuana was found in the pickup located in the driveway. Accordingly, after reviewing the record, the undersigned finds that Williams has failed to establish the harm necessary to support an ineffective assistance of counsel claim. <u>Strickland</u>, 466 U.S. at 687-688.

Secondly, Williams asserts that his trial counsel was ineffective for failing to subpoena and call witnesses in order to establish that he thought he was being invaded by intruders and that he was acting in self defense. Specifically, Williams contends that he advised trial counsel that there were two (2) witnesses he wished to call at trial, namely, Alesia George,

Petitioner's girlfriend who was in the home with him when Sheriff's deputies entered, and Usama McKinnis, who lived next door to the residence in question. (Doc. 1). According to Williams, both potential witnesses, who testified during a related federal case, would have testified that there was no "knock and announce" when Sheriff's deputies entered into the home Williams was occupying, and George would have testified that Williams had reason to fear for his safety, and had fired upon the persons entering the residence in self-defense. Williams maintains that had George and McKinnis' testified, the outcome of the trial would have been different as to the charge of attempted murder. (Doc. 1).

Based on the record before the Court, the undersigned finds that Williams has failed to show that his trial counsel was deficient in failing to subpoena either George or McKinnis or to call them as witnesses. Generally, complaints regarding uncalled witnesses are not favored because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified to are largely speculative. See Buckelew v. U.S., 575 F.2d 515 (5th Cir. 1978) (citations omitted)[7]. "Failing to call a particular

_____

[7]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding

witness constitutes ineffective assistance of counsel only when the absence of the witness' testimony amounts to the abandonment of a viable, outcome-changing defense." See Jordan v. McDonough, 2008 U.S. Dist. LEXIS 831, *12, 2008 WL 89848, *5 (M.D. Fla. Jan. 7, 2008) (citations omitted). "In all other cases, the failure to call a witness is either an objectively-reasonable strategic decision or a non-prejudicial error." Id. (citation omitted).

Additionally, self-serving speculation about potential witness testimony will not sustain an effective assistance of counsel claim. United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991); see Malone v. Sec'y, Fla. Dep't of Corr., 2009 WL 2579216, at *3 (M.D. Fla. Aug. 20, 2009). Rather, to succeed on a challenge to trial counsel's failure to subpoena and call a witness, Williams must present evidence about the witness' proposed testimony in the form of actual testimony by the witness or through a witness' affidavit. Ashimi, 932 F.2d at 650. Plainly stated, a petitioner cannot simply argue that the testimony sought would have been favorable.

With respect to McKinnis, Williams has failed to present evidence of actual testimony or an affidavit from McKinnis;

_____

precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

therefore, he has not made the requisite factual showing. Second, Williams has failed to show that McKinnis could have been located even if he had been subpoenaed or that his testimony, if adduced, would have been favorable. Where a petitioner fails to make the necessary factual showing, mere conclusory allegations are insufficient to demonstrate that trial counsel was ineffective for failing to subpoena the witness. See Strickland, 466 U.S. at 688-689; see also Williamson v. Moore, 221 F.3d 1177, 1181 (11th Cir. 2000) ("Counsel cannot be said to be ineffective for failing to call an unavailable witness.") (citation omitted).

Conversely, Williams has provided the affidavit of Alesia George. (Doc. 1, pp. 17-18). In her affidavit, George testifies to her version of the events which transpired the night sheriff's deputies attempted to execute a search warrant at the residence occupied by her and Williams. However, Ms. George's testimony falls way short of establishing "a viable, outcome changing defense." See Jordan, 2008 U.S. Dist. LEXIS 831 at *12, 2008 WL 89848 at *5. There is no question that the jury was aware of Williams' defense that he was acting in self-defense. At trial, Williams testified that he did not know who was entering his home, that the officers entered without announcing themselves, and that he believed he was firing at intruders.

Further, the jury listened to the recording of the call that George made to 911. In the call, George details the actions that she believed were unfolding that night. The recording evidences the fact that George appeared to be unaware that sheriff's deputies as opposed to robbers were entering the residence. (Doc. 11, Ex. 5, p. 266 (R. 188)). Thus, although George did not testify, the jury, through the 911 recording, heard the substance of what George's testimony would have been.

It is also noteworthy that both Williams and Deputy Dawn Alfonsi testified that George used cocaine; thus, it is quite plausible that defense counsel purposefully chose not to subpoena George, an admitted drug user, because the prosecution would have likely attacked her credibility. (Doc. 11, Ex. 5, pp. 226, 270 (R. 141, 185)). Finally, the record reflects that the jury was instructed on self-defense and on the lesser charges of First Degree Attempted Assault and Reckless Endangerment (Doc. 11, Ex. 5, pp. 316-19,327-29, (R. 230-33, 241-43)); however, after hearing all the evidence, including Williams' testimony, the 911 recording, and the officers' testimony, the jury found Williams guilty of the offense of Attempted Murder.

Counsel's decision whether to call a particular witness is a matter of trial strategy entitled to great deference. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc)

(citing <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512, 1518-19 (11th Cir. 1995) (en banc)). Because Attorney Habib's tactical decision not to call McKinnis or George as witnesses was well within the range of prevailing professional standards, this claim must fail under <u>Strickland</u>. Further, assuming arguendo, deficient performance by defense counsel, Williams has not shown prejudice in any way such that the jury would not have convicted him had George and McKinnis' testimonies been presented. <u>See</u> <u>Strickland</u>, 466 U.S. at 688.

Williams next asserts that his trial counsel was ineffective for failing to object to the trial court's alleged failure to properly instruct the jury on all of the elements of the charge of unlawful possession of cocaine. Williams avers that "although the trial court did not give proper instructions to the jury on the proper elements to convict him on this charge, he cannot say with a probability that the outcome would have been different when viewed in light of his Trial Counsel's statements to the jury that he did, in fact, possess a large quantity of drugs and that Williams stipulates to all of the evidence the State offered, and that there is absolutely no contesting in this regard." (Doc. 1, p. 10). Not only does Williams concede that "he cannot say with a probably[sic] that the outcome would have been different when viewed in the light

of his Trial Counsel's statements," but he has only presented conclusory assertions in support of his contention.

The record reflects that the court instructed the jury as follows:

> The defendant is also charged with Possession of a Controlled Substance. A person commits the crime of Unlawful Possession of a Controlled Substance in the State of Alabama according to this – – to the law is as follows: To convict, the State must prove, beyond a reasonable doubt, each of the following elements of Unlawful Possession of a Controlled Substance, number one, that the defendant, Michael Williams, did possess a controlled substance, cocaine, and that the defendant acted intentionally to possess the cocaine. If you find from the evidence that the State has proved, beyond a reasonable doubt, each of the above elements of the offense of Unlawful Possession of a Controlled Substance as charged, the you shall find the defendant guilty of Unlawful Possession of a Controlled Substance.
>
> If you find that the State has failed to prove, beyond a reasonable doubt, any one or more of the elements of the offense of Unlawful Possession of a Controlled Substance, then you cannot find the defendant guilty of Unlawful Possession of a Controlled substance [sic].

(Doc. 11, Ex. 5, pp. 319-20 (R. 233-34)).

Aside from his conclusory assertions, Williams has offered nothing to demonstrate that the charge, as given, was an incorrect statement of the law, that he was entitled to a different instruction, or that his trial counsel's failure to object to the charge affected the outcome of the case. Put

another way, Williams has not shown that the charge to the jury was erroneous or that he was prejudiced as a result of it. Additionally, a review of the record reflects that evidence was presented to support the cocaine possession charge contained in the indictment. Thus, Williams has not established that his trial counsel was ineffective under Strickland for failing to object to the charge as given. Accordingly, this claim is without merit and must fail.

Lastly, Williams argues that his trial counsel was ineffective for failing to file a motion to suppress the evidence seized from the garbage can in the front yard outside of his residence and for stipulating to allow the admission of all the State's evidence into the record. "To prevail on a Fourth Amendment suppression claim, a defendant must show two things: First, there must be a search and seizure of that individual's person, house, papers or effects, conducted by an agent of the government; stated differently, there must be an invasion of the claimant's reasonable expectation of privacy." United States V. Segura-Baltazar, 448 F.3d. 1281, 1285 (11th Cir. 2006) (quoting United States v. Bachner, 706 F.2d 1121, 1125 (11th Cir. 1983)). "Second, the challenged search and seizure must be 'unreasonable,' as not all searches and seizures are proscribed by the fourth amendment, but only those that are

'unreasonable.'" Id. The party alleging an unconstitutional search must establish both a subjective and an objective expectation of privacy. United States v. Robinson, 62 F.3d 1325, 1328 (11th Cir. 1995). "The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that the privacy expectation be one that society is prepared to recognize as reasonable." Id. (internal quotation marks and brackets omitted); see also California v. Greenwood, 486 U.S. 35, 39, 108 S. Ct. 1625, 100 L. Ed. 2d 30 (1988) ("The warrantless search and seizure of the garbage bags left at the curb outside the Greenwood house would violate the Fourth Amendment only if respondents manifested a subjective expectation of privacy in their garbage that society accepts as objectively reasonable.").

In this case, Williams has not suggested, let alone established that he had any expectation of privacy in the contents of the garbage can. To the contrary, Williams has instead argued that the state failed to prove that he had any knowledge of the contents of the can and further that "the State failed to prove who the garbage can belongs to." (Doc. 1, p. 11). Clearly, Williams could not have any reasonable expectation of privacy in a garbage can that he contends did not belong to him. Given Williams' position that the garbage can

did not belong to him, his counsel had no basis for seeking to suppress the evidence recovered from the garbage can.

Assuming *arguendo* that Williams had in fact established that he had a reasonable expectation of privacy in the contents of the garbage can, he has not established that the evidence seized therefrom should have been suppressed. The fact that the garbage can was not expressly listed in the warrant is not enough, standing alone, to establish that there existed a legitimate basis for suppressing the evidence seized from the can[8]. This is particularly true where Williams does not dispute that there was probable cause for the issuance of the search warrant for the residence, and where the garbage can was located in the front yard of the residence, and could be reasonably deemed as within the curtilage of the residence. See United States v. Whiddon, 146 Fed. Appx. 352 (11th Cir. 2005)("Where a warrant has been issued, 'a lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search.") (citations omitted).

---

[8] Counsel stipulated at trial that the search warrant was valid; thus, it was not made a part of the record.

Moreover, the state presented evidence that items which bore Williams' name and the name of his girlfriend were found in the same garbage can as the bags containing cocaine residue. Thus, this evidence was clearly relevant to the cocaine charge, and Williams has presented no legitimate basis for suppression of this evidence. In view of such, Williams has failed to establish that his counsel was ineffective for failing to file a motion to suppress and for agreeing to the introduction of the state's evidence. See United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (noting that a lawyer's failure to raise a meritless issue cannot prejudice a client).

Based upon the record before the Court, the undersigned finds that the Alabama Court of Criminal Appeals' rejection of each of Williams' ineffective assistance of counsel claims was not an unreasonable application of the Strickland standard nor objectively unreasonable. Thus, Williams has not established that he is entitled to relief under § 2254(d)(1).

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing §2254 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893 (1983)], includes showing that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

None of Petitioner's claims warrant the issuance of a Certificate of Appealability in this case. For the reasons discussed above with respect to Williams' claims, reasonable jurists could not debate whether any of his claims should be resolved in a different manner or were adequate to deserve encouragement to proceed further on the merits. The recommendation that these claims be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of the claims on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability.

## CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Petitioner's rights were not violated; therefore, his request for habeas corpus relief should be denied. The undersigned further opines that Petitioner is not entitled to a certificate of appealability. It is so

recommended.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **21st** day of **October, 2010**.

                                           **_____/S/ SONJA F. BIVINS_____**
                                           **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection.**   Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[9] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

_____

[9]The Court's Local rules were amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

3.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.